■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CARDENAS, Appellant. [659 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered July 18, 1996, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress identification evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The record supports the trial court's determination that the defendant's statements to the police, given while being interviewed at his home, were made while the defendant was not in custody. A reasonable person in the defendant's position, innocent of any crime, would have believed that he was free to leave the presence of the detective who questioned him (*see, People v Centano,* 76 NY2d 837; *People v Hicks,* 68 NY2d 234; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

Furthermore, the lineup identification of the defendant by one of the complainants was not tainted by a detective's having previously asked the complainants if they "recognized anyone" in a crowded emergency room. Although the defendant was in the emergency room, no identification was made at that time. Contrary to the defendant's contentions, because he was not singled out to the complainants, there was no impermissibly suggestive showup procedure.

The defendant's contention that the evidence was legally insufficient to prove his identity as one of the perpetrators is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, the evidence, viewed in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.